UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| DANNY OVERBAY, ) | |
| ) | |
|    *Plaintiff,* ) | |
| ) | Case No. 2:09-cv-240 |
| v. ) | Judge Mattice |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
|    *Defendant*. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Danny Overbay brought this action for judicial review of the final decision of the Commissioner of Social Security that he was not disabled under the Social Security Act. The Court referred this matter to Magistrate Judge William B. Mitchell Carter pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) for a Report and Recommendation ("R&R").

Magistrate Judge Carter entered his R&R [Court Doc. 13] on January 18, 2011, recommending that Plaintiff's Motion for Summary Judgment [Court Doc. 8] be denied and that Defendant's Motion for Summary Judgment [Court Doc. 10] be granted. Plaintiff has filed a timely objection to the R&R [Court Doc. 14].

For the reasons stated below, the Court will **OVERRULE** Plaintiff's objection and will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation.

**I.      STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). For those portions of the

R&R to which objections have been made, the Court will directly review the circumstances leading to the determination that Plaintiff was not disabled. *Id.*

The Court must determine whether substantial evidence supports the Commissioner's denial of benefits. Substantial evidence is defined as "more than a mere scintilla" of evidence and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II.   FACTS

Magistrate Judge Carter's R&R fully sets forth the relevant facts in this case. There have been no objections to the relevant facts as set forth in the R&R. Accordingly, the Court **ACCEPTS AND ADOPTS BY REFERENCE** the "Relevant Facts" section of the R&R. (Court Doc. 13, R&R at 5-14.)

## III.   ANALYSIS

Plaintiff objects generally to Magistrate Judge Carter's finding that the ALJ's decision was supported by substantial evidence. (Court Doc. 14, Pl.'s Objs. at 1.) More specifically, Plaintiff alleges that the ALJ erred in considering the severity of Plaintiff's mental impairments and their impact on Plaintiff's ability to work. (*Id.*) Plaintiff argues that his impairments are more limiting and more severe than found by the ALJ, and that the ALJ ignored much of the record evidence without explaining his reasons for doing so. (*Id.*) Plaintiff asserts that Magistrate Judge Carter's explanation for the ALJ's failure to discuss this evidence is not acceptable. (*Id.* at 1-2.) Plaintiff also contends that the ALJ's residual functional capacity ("RFC") determination was not supported by substantial evidence because the ALJ did not adequately discuss the medical evidence in the record; therefore,

his finding that Plaintiff can perform jobs which exist in significant numbers in the national economy fails. (*Id.* at 2-3.) Finally, Plaintiff argues that the ALJ posed an improper hypothetical question to the Vocational Expert ("VE") who testified at the hearing because the hypothetical question was worded for the VE to consider jobs that would not require frequent interaction with the general public, and the ALJ found that Plaintiff was limited to work without exposure to the general public. (*Id.* at 3-4.)

In his R&R, Magistrate Judge Carter addressed at length Plaintiff's contentions regarding the ALJ's failure to consider certain evidence. (R&R at 16-25.) Magistrate Judge Carter found that there were reasonable explanations for the absence of some information in the decision, and that any failure to discuss certain evidence was harmless error. One of Plaintiff's objections involved evidence of Plaintiff's limitations before his disability onset date, which Magistrate Judge Carter noted could work against Plaintiff, as he was working at the time that some assessments of his mental condition were made. (*Id.* at 16.) Some of the other objections involved records in which the treatment provider specifically indicated that Plaintiff could return to work, or that having a job would be beneficial to Plaintiff – statements that would certainly not support Plaintiff's claim of disability. (*Id.* at 17, 23-24.) Other objections refer to records involving very short treatment periods, records that do not support Plaintiff's claim of disability, and records that Plaintiff represents contain more severe limitations than provided for by the ALJ. (*Id.* at 17-22.) Finally, Plaintiff argued that the ALJ did not mention records relating to Plaintiff's special education classes, and Magistrate Judge Carter noted that the ALJ did not ignore this information and in fact incorporated it into the question posted to the VE. (*Id.* at 22-23.)

Magistrate Judge Carter noted in the R&R that although Plaintiff cited to other circuits for the proposition that the ALJ must discuss every piece of evidence in the record, that was not the controlling law in the United States Court of Appeals for the Sixth Circuit. (R&R at 25.) Magistrate Judge Carter summarized the arguments and his conclusion as follows:

> Here the ALJ points to conflicting evidence in some instances. Some of the material he did not discuss is prior to the date of onset. The failure to discuss the school records does not require remand or reversal because it is remote in time from the date of the onset and more importantly, the ALJ in his hypothetical question to the VE assumed Plaintiff did indeed have a history of special education. The ALJ, who stands at the end of the process, has the obligation to consider the entire record evidence and, with the advantage of seeing the entire record including the hearing testimony, make the ultimate decision concerning disability. . . . While Plaintiff correctly notes that the ALJ did not discuss several documents in the record, I conclude that given the other substantial evidence of record which supports the ALJ's findings regarding Plaintiff's level of mental functioning, coupled with the analysis of the ALJ, any such error was harmless.

(*Id.* at 26.) The Court agrees with Magistrate Judge Carter's conclusion that the ALJ was not required to discuss each piece of evidence in the record. The Court does not view Magistrate Judge Carter's responses to Plaintiff's arguments as impermissibly inflating the decision of the ALJ such that Magistrate Judge Carter was substituting his basis for the decision in place of the ALJ's basis. Magistrate Judge Carter responded to each argument by analyzing whether any error required reversal or remand and whether the ALJ's decision, as a whole, was supposed by substantial evidence within the record. Magistrate Judge Carter came to the conclusion, with which the Court agrees, that the ALJ's decision was supported by substantial evidence, such that any error caused by his failure to discuss

every record in the case was harmless.

Plaintiff's final objection concerns the ALJ's residual functional capacity ("RFC") determination as compared to the hypothetical question posed to and the testimony of the VE. Plaintiff asserts that the VE stated that an individual who had a consistent Global Assessment of Functioning ("GAF") score in the range of 30 to 55 would not be able to perform any jobs. (Pl.'s Objs. at 2-3.) The VE testified that someone with a GAF consistently in that range over a period of years would not be able to work. (Administrative Record ("AR") at 35.) The Court notes, however, that the only GAF scores on the low end of that range are documented in April 2000, well before Plaintiff's disability onset date, and July 2006, when he was admitted to the hospital for one night due to suicidal thoughts. After the July 2006 hospitalization, Plaintiff's GAF scores have been consistently in the 45 to 55 range. Although it would be accurate to say that Plaintiff's GAF scores have ranged from 30 to 55 over a period of approximately seven years, there are not enough scores in the record to make the determination that Plaintiff scores in that range "consistently," particularly when the two lowest scores appear to be rather isolated and the 2000 score lacks much in the way of descriptive information. The Court finds that the VE's testimony in response to this question did not mandate a finding of disability.

The Court further finds no appreciable conflict between the ALJ's RFC determination and the hypothetical question posed to the VE. Plaintiff argues that the ALJ did not properly establish that jobs existed in the national economy for an individual with his RFC limitations because the ALJ determined in the RFC that Plaintiff is limited to work "without exposure to the general public" but asked the VE to consider jobs which "would not require frequent interaction with the general public." (AR at 12, 32.) The hypothetical

question posed to the VE, however, need not be stated verbatim from the RFC. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 516 (6th Cir. 2010). "[A] hypothetical question may be incomplete, yet still accurately portray a claimant's limitations." *Brock v. Comm'r of Soc. Sec.*, 368 F. App'x 622, 626 (6th Cir. 2010). The Court concludes that the question posed of the VE sufficiently portrayed Plaintiff's limitation, and the jobs identified – which included janitor, stock clerk, grounds maintenance, and sorter – would accommodate the RFC limitation.

In sum, the Court agrees with Magistrate Judge Carter's conclusion that the decision of the ALJ is supported by substantial evidence. Therefore, Magistrate Judge Carter's R&R is **ACCEPTED and ADOPTED** in its entirety. Plaintiff's objection to the R&R is **OVERRULED**. Plaintiff's Motion for Summary Judgment is **DENIED** and the Commissioner's Motion for Summary Judgment is **GRANTED**.

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** the following:

- Magistrate Judge Carter's Report and Recommendation [Court Doc. 13] is **ACCEPTED AND ADOPTED** in its entirety;

- Plaintiff's Objection [Court Doc. 14] to Magistrate Judge Carter's Report and Recommendation is **OVERRULED**;

- Plaintiff's Motion for Summary Judgment [Court Doc. 8] is **DENIED**; and

- The Commissioner's Motion for Summary Judgment [Court Doc. 10] is **GRANTED**.

A separate judgment will enter.

**SO ORDERED** this 15th day of February, 2011.

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE